IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MITCH E. TUDOR                                                                                          PLAINTIFF

vs.                                          Civil No. 2:15-cv-02111

CAROLYN W. COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Mitch Tudor ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed his disability application on October 26, 2012. (Tr. 10, 165-170).[1] In his application, Plaintiff alleges he is disabled due to a broken back, bone disease, tumor on side of head, and chronic pain. (Tr. 198). Plaintiff alleges an onset date May 1, 2000. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 10).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

request was granted. (Tr. 121-123). An administrative hearing was held on August 28, 2012. (Tr. 22-51). Plaintiff was present and was represented by Fred Caddell at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 25-26).

On February 28, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 10-16). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 26, 2012. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had the severe impairments of degenerative disc disease and other and unspecified arthropathies. (Tr. 12, Finding 2). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 12, Finding 3).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 12-15, Finding 4). In making this determination, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work. (Tr. 12, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff unable to perform his PRW. (Tr. 15, Finding 5). The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 16, Finding 9). The ALJ then used Medical-Vocational Guidelines Rule 202.21 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.28. (Tr. 16). The ALJ then determined

Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 16, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). On April 27, 2015, the Appeals Council declined to review the unfavorable decision. (Tr. 1-4). On June 4, 2015, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ failed to fully and fairly develop the record, (2) the ALJ improperly considered Plaintiff's subjective complaints of pain, (3) the ALJ erred in his RFC decision, and (4) the ALJ did not properly consider the opinions of Plaintiff's treating physician. ECF No. 12, Pgs 10-18. In response, the Defendant argues the ALJ

did not err in any of his findings. ECF No. 13. Because the Court finds the ALJ erred in considering the opinions of Plaintiff's treating physician, this Court will only address this issue.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On July 13, 2012, Plaintiff's treating physician, Dr. George Howell, prepared a Medical Assessment of Ability To Do Work Related Activities. (Tr. 486-488). In this assessment, Dr. Howell indicated Plaintiff, in an eight-hour work day, could only sit a total at one time for 45 minutes, stand at one time for 45 minutes, walk at one time for 15 minutes; his pain was severe and would preclude the activity precipitating the pain; had no ability to use his feet for operating foot controls; would need to take unscheduled breaks during an eight-hour working shift; and would likely miss more than four days of work per month. *Id.*

The ALJ stated he considered the opinions of Dr. Howell, but failed to state what weight he gave to those opinions. (Tr. 15). The ALJ provided no analysis of Dr. Howell's opinions other than

to state they were not supported by his own treatment records or the medical record. *Id.*

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Howell's findings. *See Brown,* 611 F.3d at 951-52.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Howell. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of these opinions.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 29th day of April 2016.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE